Filed 4/22/14  P. v. Rodriguez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRANDON DANIEL RODRIGUEZ,<br><br>    Defendant and Appellant. | B250455<br><br>(Los Angeles County<br>Super. Ct. No. GA089644) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jared Moses, Judge.  Affirmed.

_____

Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An amended felony complaint, filed and further amended by interlineation on June 4, 2013, charged Brandon Daniel Rodriguez with (1) attempted murder (Pen. Code, §§ 664, 187, subd. (a)) (count 1)[1]; (2) child abuse (§ 273a, subd. (a)) (count 2); and (3) infliction of corporal injury on a cohabitant (§ 273.5, subd. (a)) (count 3). The amended felony complaint specially alleged, as to counts 1 and 3, that Rodriguez had a prior serious conviction for robbery (§ 211) that subjected him to a five-year enhancement under section 667, subdivision (a)(1), and, as to counts 1, 2 and 3, that the robbery conviction was a serious or violent felony constituting a strike under the "Three Strikes" law (§§ 667.5, subds. (b)-(d); 1170.12, subds. (a)-(d)). As to counts 1 and 3, it also alleged a great-bodily-injury enhancement under section 12022.7, subdivision (e). Also on June 4, part way through the preliminary hearing, which the trial court ultimately considered a probation violation hearing with respect to Rodriguez's prior robbery conviction, Rodriguez pleaded no contest to the infliction of corporal injury on a cohabitant as charged in count 3 and admitted that he had a prior robbery conviction, which he agreed qualified as a strike and as a serious felony for purposes of enhancement under section 667, subdivision (a)(1). Based on the negotiated plea agreement, the court sentenced Rodriguez to a state prison term of nine years, consisting of the low term of two years for the infliction of corporal injury on a cohabitant, doubled pursuant to the Three Strikes law, plus five years for the section 667, subdivision (a)(1), enhancement. The court dismissed counts 1 and 2 and struck the great-bodily-injury enhancement. It revoked probation on the robbery case, sentenced Rodriguez to the low term of two years in state prison and ordered that term to run concurrently with the nine-year term. A felony abstract of judgment was filed on June 10.

On July 3, Rodriguez wrote a letter to the trial court requesting to appear and withdraw his plea. Noting that Rodriguez already had been sentenced and judgment had been entered in his case, the court indicated that the vehicle for Rodriguez to move to withdraw his plea would be a petition for writ of habeas corpus. On July 25, Rodriguez

---

[1]    Statutory references are to the Penal Code.

2

filed a notice of appeal from the June 4 judgment, representing that he was challenging the validity of his plea because he "was threatened, tricked, co[erc]ed into pleading guilty" and his lawyer did not inform him of his rights and lied to him in connection with the plea. The court granted the request for a certificate of probable cause.

We appointed counsel to represent Rodriguez on appeal. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On January 29, 2014, we directed appointed counsel to immediately send the record on this appeal and a copy of the opening brief to Rodriguez and notified Rodriguez that within 30 days from the date of the notice he could submit by letter or brief any ground of appeal, contention or argument he wished us to consider. On February 21, Rodriguez filed a letter arguing that he did not have effective representation in connection with his plea and thus did not understand the constitutional rights he waived upon entering his plea or the consequences of the plea. He also maintained that his sentence should not have been enhanced based on great bodily injury. Rodriguez attached a letter from the victim, dated May 3, 2013, in which she essentially repeated her testimony from the June 4, 2013 hearing that Rodriguez did not cause her injuries, which conflicted with the report she gave to the police on the night of incident leading to the felony complaint.

We have examined the entire record on appeal, independently and in connection with Rodriguez's letter. Rodriguez appealed from the judgment, which was entered before he complained about his plea. The appellate record does not provide a basis for determining on direct appeal that Rodriguez received ineffective assistance of counsel in connection with his no contest plea. Because judgment already had been entered, a motion under section 1018 to withdraw the plea was not available to him. (§ 1018, subd. (a) [permitting a motion to withdraw the plea before judgment or within six months after an order of probation is granted if judgment is suspended].) As the trial court noted, the vehicle for Rodriguez to seek to withdraw his plea would be a petition for writ of habeas corpus, yet Rodriguez did not file such a petition. (*People v. Miranda* (2004) 123 Cal.App.4th 1124, 1134 [when relief is not available under § 1018, petition for writ

3

of habeas corpus in the trial court is proper vehicle to challenge a plea based on ineffective assistance of counsel]; see also *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [claim of ineffective assistance of counsel generally more appropriately addressed in habeas corpus proceeding].)  Although Rodriguez complained about the great-bodily-injury enhancement, the court struck that enhancement.  Rodriguez thus did not receive an enhanced sentenced based on the infliction of great bodily injury.  We are satisfied that Rodriguez's attorneys have fully complied with their responsibilities and that no arguable appellate issue exists.  (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, Acting P. J.

We concur:


JOHNSON, J.


MILLER, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.